IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AHSHUN T. COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-02066 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Ahshun T. Collins' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Relief (d/e 1). The Court must dismiss the motion if it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). A preliminary review of Petitioner's § 2255 motion and the record of prior proceedings establishes that the motion must be dismissed because Petitioner is not entitled to relief.

# I. BACKGROUND

On May 5, 2006, Petitioner and several other individuals were charged in a 10-count Indictment. Petitioner was charged in four counts. Count 1 of the Indictment charged Petitioner with conspiring to commit armed bank robbery, commit robbery, and carry and use a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 371. United States v. Williams et al., Case No. 06-cr-20032 (hereinafter, Crim.), Indictment (d/e 23), at 1-5. Count 8 charged Petitioner with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Id. at 12. Count 9 charged Petitioner with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Id. at 13. Count 10 charged Petitioner with knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Id. at 14. On October 25, 2006, Petitioner pleaded guilty to Counts 1, 8, and 9.

On March 13, 2007, Petitioner appeared before United States District Judge Michael P. McCuskey for sentencing. Judge McCuskey sentenced Petitioner to 60 months' imprisonment on Count 1 and 134 months' imprisonment on Count 8, to be served concurrently, and 84 months' imprisonment on Count 9, to be

served consecutively to the terms of imprisonment imposed on Counts 1 and 8. Crim., Judgment (d/e 195), at 3. Judge McCuskey also sentenced Petitioner to 3 years of supervised release on Count 1 and 5 years of supervised release on each of Counts 8 and 9, with the terms to be served concurrently. Id. at 4. Petitioner did not appeal.

In June 2016, Petitioner filed a § 2255 motion attacking his career offender sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015). Collins v. United States, Case No. 16-cv-02181, Motion (d/e 1). On April 13, 2017, Petitioner, through counsel, voluntarily dismissed this § 2255 motion. Collins v. United States, Case No. 16-cv-02181, Notice (d/e 7).

In February 2018, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Relief, alleging that his former counsel's failure to challenge Petitioner's career offender designation constituted ineffective assistance of counsel. In April 2018, Petitioner filed a motion seeking leave to add a claim that his sentence on Count 9 was imposed in violation of his Fifth Amendment due process rights. The Court denied the motion as moot, finding that Petitioner was entitled to amend his §

2255 motion as a matter of course under Rule 15 of the Federal Rules of Civil Procedure. The Court noted that it would consider both of Petitioner's § 2255 claims.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution may move for the Court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Petitioner argues that his former counsel's failure to challenge Petitioner's designation as a career offender under the United States Sentencing Guidelines constituted ineffective assistance of counsel. According to Petitioner, his designation as a career offender was erroneous because his sentences on the three qualifying convictions were imposed on the same day.

Petitioner's § 2255 motion is untimely with respect to his claim of ineffective assistance of counsel. A one-year period of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

With respect to Petitioner's ineffective assistance claim, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3) because Petitioner does not allege that any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting the claim (§ 2255(f)(4)).  Section 2255(f)(3) is of no help to Petitioner, as the Supreme Court recognized a criminal defendant's right to the effective assistance of counsel long before Petitioner filed his § 2255 motion.  See Strickland v. Washington, 466 U.S. 668, 686 (1984)

(citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). That leaves § 2255(f)(1).

Petitioner's convictions became final on March 30, 2007, after the expiration of the 14-day period to file a direct appeal. See Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P. 4(b)(1)(A). Petitioner's pending § 2255 motion was filed in February 2018, nearly 11 years later. Petitioner's claim of ineffective assistance of counsel is, therefore, untimely under § 2255(f)(1).

Petitioner's second claim is that his sentence on the § 924(c) count violates due process because the predicate offense is not a crime of violence under 18 U.S.C. § 924(c)(3). Even assuming that this claim is timely under § 2255(f)(3), the claim fares no better than the first.

Petitioner alleges that the predicate offense for his § 924(c) conviction is conspiracy to commit armed bank robbery. However, Count 9 of the Indictment makes clear that the predicate offense underlying Petitioner's § 924(c) conviction is armed bank robbery, as charged in Count 8 of the Indictment. Armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), is a crime of violence under

18 U.S.C. § 924(c)(3). United States v. Armour, 840 F.3d 904, 909 (7th Cir. 2016), as amended (June 26, 2017). Petitioner's sentence on Count 9 for carrying and using a firearm during a crime of violence was not imposed in violation of Petitioner's Fifth Amendment due process rights.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). To receive a certificate of appealability on a ground decided on the merits, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). The Court concludes that jurists of reason would not find Petitioner's claims or the Court's procedural ruling debatable. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Ahshun T. Collins' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Relief (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court declines to issue a certificate of appealability. This case is CLOSED.


ENTER: January 8, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE